EDWARDS et al. v. BAY STATE GAS CO. OF DELAWARE et al.

(Circuit Court, D. Delaware. December 15, 1902.)

No. 202.

1. EQUITY—PETITION OF INTERVENER TO BE GIVEN CHARGE OF SUIT—SUFFICIENCY OF GROUNDS.

One among a number of interveners in a suit, who was admitted as a party without conditions, and has been in the case for 17 months, without taking any part in the proceedings or offering any evidence, is not entitled, on a petition filed after the testimony has been closed, to be given full charge of the suit, as complainant, on an allegation of collusion be-

tween the original parties, of which none of the other interveners complains, and of which he offers no proof, except certain testimony in the record, taken in a previous stage of the litigation, on other issues.

In Equity. On motion by intervener.

John McCrone, for petitioner.
Henry Major, for original complainants.
H. H. Ward, for defendants.

DALLAS, Circuit Judge. Upon a motion by Walter Mathison, an intervening party complainant, for an order authorizing him to conduct and manage the proceedings, etc., the court on June 24, 1902, allowed the original complainants until October 1, 1902, to introduce the evidence which they stated they still desired to offer; and the motion above referred to was denied, but with leave to Mathison to renew the application by petition after October 1, 1902. Within the time limited by this order the evidence for the complainants was completed, and was closed upon both sides. On November 4, 1902, Mathison filed a petition wherein he prayed "that it be directed that the said closing of the case be set aside, and that said case be reopened; that said original complainants be displaced in the prosecution of this action, and that your petitioner, as such intervening complainant, be authorized and granted leave to conduct and manage the proceedings in said action in their place and stead; also that pending the hearing and determination of this application said complainants and defendants be stayed or enjoined and restrained from giving any consents to the making of orders in respect to said action, and from consenting to discontinuance of the same, and from making application for judgment therein; and that such further order be made as may be just." Thereupon leave was granted to each and all of the parties to the cause, whether original or by intervention, to file joint or several answers to the said petition on or before November 22, 1902; and accordingly answers were filed by or on behalf of the original complainants and of the defendants, respectively, and upon these pleadings the matter came on for hearing, and has been argued by counsel.

The petitioner has been an intervening complainant for about 17 months. The order allowing his intervention imposed no terms upon him. He therefore then became, and thence hitherto has been, entirely at liberty to participate in the litigation, and to take part in the proceedings incident thereto. Ex parte Jordan, 94 U. S. 248, 24 L. Ed. 123. Yet to September 29, 1902, when the testimony was filed, neither he, nor his counsel, nor any one on behalf of either of them, has attended any meeting for the taking of testimony, or has suggested that any particular person be called as a witness, or that any question or questions should be asked of any particular witness; and although notice of the final meeting on September 19, 1902, was given to his counsel by the examiner, neither he nor his counsel then attended. These facts are stated in the answer of the complainants, and do not appear to be controverted. At all events, and at least as to this matter, the answer must be taken as true. 2 Daniell, Ch. Prac. p. 982.

The petition alleges fraud and collusion in the management and conduct of the case, but these allegations are denied by the answers, and have not been sustained by proof. Upon the argument it was suggest-

ed that an order directing evidence to be taken might be requisite; but the counsel for the petitioner expressed his unwillingness that such an order should be made, and stated that he relied upon the record to maintain his client's position. Now, by reference to the petition, it appears that by "the record" thus referred to is meant certain testimony which was given in a previous stage of this litigation, but not upon the present issue, nor by witnesses any of whom have since died, or who would not now be competent and compellable to testify. Therefore I am of opinion that the evidence to which my attention has been directed is not admissible upon the question now for decision; and I may add that, if it were, it would not suffice to maintain the averment of fraud upon which the petitioner founds his demand that his counsel shall be permitted to exclusively manage a cause of whose management to this time none of the several other interveners have made complaint.

The answer of the original complainants, which is signed by their counsel, states that they are advised that the allegations of the bill have been established by the proofs, and that they are now ready to print the record and to apply for final decree. I would not be justified in questioning the good faith of this statement, but deem it proper to say that the purpose which is thus indicated, to bring the cause to final hearing, should be promptly pursued.

At the hearing upon the application which has been discussed, the surviving defendants to this suit presented a petition "to the end that the status of the said Mathison as an intervening complainant in said cause may be judicially determined." This petition was directed to be filed, and Mathison has, by leave of court, since filed an answer thereto. Under these circumstances, the questions so raised are not at present determinable, and I intimate no opinion concerning them. Counsel have not been heard upon them, and it is not now, and may not become, necessary to decide them.

But for the reasons which have been indicated, the petition of Walter Mathison, filed November 4, 1902, is dismissed.